BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
MARGARET M. CHEN (Cal. Bar No. 288294)
Assistant United States Attorneys
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-3148
     Email: Margaret.Chen@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 25-09547 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| SOUTHERN CALIFORNIA EDISON COMPANY; and DOES 1 to 10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

1

Plaintiff, United States of America, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1.     This action arises out of the "Saddleridge Fire," a wildfire that ignited on October 10, 2019, and spread onto National Forest System lands within the Angeles National Forest in Los Angeles County, California.

2.     Defendant Southern California Edison owns, maintains, and operates transmission towers near Sylmar, California. Part of a transmission tower failed, causing an attached power line to fall onto a lower steel arm of the tower. The contact between the power line and the tower arm caused an electrical fault. The Saddleridge Fire ignited at the base of a nearby transmission tower.

3.     The Saddleridge Fire burned approximately 800 acres of National Forest System lands within the Angeles National Forest. Forest Service roads were destroyed or damaged by the fire. The fire's effects have been, and will be, detrimental to habitats and wildlife.

4.     In addition to the damage to the national forest, the Saddleridge Fire caused catastrophic damage to neighboring communities, burning more than 100 structures and claiming one life.

5.     The United States brings claims against Defendants to recover for suppression costs and rehabilitation of National Forest System lands, among other damages.

**PARTIES**

6.     Plaintiff United States owns and manages National Forest System lands in Los Angeles County, California. The United States Department of Agriculture Forest Service ("Forest Service"), which is an agency and instrumentality of the United States, protects, controls, supervises, and administers this land.

7.     Defendant Southern California Edison Company ("SCE") was and is a public utility organized and existing under the laws of the State of California, including but not limited to relevant sections of the Public Utilities Code. SCE is "primarily

1  engaged in the business of supplying and delivering electricity through SCE's electrical

2  infrastructure to an approximately 50,000 square-mile area of southern California."[1]

3       8.    Doe Defendants 1 to 10 are individuals and entities, including parents,

4  subsidiaries, employees, agents, contractors, or sub-contractors of the named defendants,

5  whose identities are currently not known and who are responsible for the damages

6  caused to the United States as alleged herein.

7  **JURISDICTION AND VENUE**

8       9.    This action seeks damages caused by the Saddleridge Fire and arises under

9  Federal and California law, including Federal and state common law; California Health

10 and Safety Code §§ 13007-13009.1; California Public Resources Code §§ 4292, 4293,

11 4421, and 4435; California Public Utilities Code §§ 451 and 2106; California Civil Code

12 §§ 1714(a) and 3287; Title 36 of the Code of Federal Regulations §§ 261.5, 261.9, and

13 261.10; and 31 U.S.C. §§ 3711 and 3717.

14      10.    The jurisdiction of this Court is invoked under 28 U.S.C. § 1345, in that the

15 United States is the plaintiff.

16      11.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the events

17 giving rise to the United States' claims occurred in the Central District of California,

18 SCE has its principal places of business within the Central District of California and is

19 doing business within, and has sufficient contacts with, the Central District of California.

20 **GENERAL ALLEGATIONS**

21 **I.    The Saddleridge Fire**

22      12.    The Saddleridge Fire ignited on October 10, 2019 near Sylmar, California

23 and burned onto the Angeles National Forest.

24      13.    The Saddleridge Fire ignited at the base of an SCE transmission tower near

25 Sylmar, California after an electrical fault at a nearby transmission tower caused by

26 contact between an attached power line and a steel tower arm.

27

28

---

[1] Edison International and Southern California Edison, 2024 Annual Report at 119
(last accessed October 6, 2025).

3

## II.    Duties of SCE

14.    SCE had non-delegable statutory and regulatory duties to properly inspect and maintain the areas through which its power and transmission lines passed to ensure that they were safe and clear from dangerous conditions. Specific non-delegable duties are set forth in California Public Resources Code § 4293 and regulations promulgated thereunder.

15.    The power and transmission lines and equipment that ignited the Saddleridge Fire are "device[s] which may kindle a fire" within the meaning of California Public Resources Code § 4435.

16.    Pursuant to California Public Resources Code § 4435, the ignition of the Saddleridge Fire by SCE's power and transmission lines and equipment is prima facie evidence of SCE's negligence in the maintenance, operation, or use of the power and transmission lines and equipment.

17.    SCE operated and maintained the subject power lines and equipment that caused the Saddleridge Fire to spread onto National Forest System lands.

## III.    Failure of SCE

18.    The Saddleridge Fire ignited in Los Angeles County, California during high winds.

19.    SCE knew about the potential danger posed by high winds and the risks posed by power and transmission lines during high wind events.

20.    The Saddleridge Fire was reported at approximately 9:00 p.m. on October 10, 2019 at the base of an SCE transmission tower.

21.    Approximately three minutes prior, at 8:57 p.m., part of a nearby transmission tower failed, causing an attached power line to fall onto a lower steel arm of the tower. The contact between the power line and the tower arm caused an electrical fault.

22.    On October 11, 2019, at approximately 10:13 a.m., SCE filed an Electrical Safety Incident Report with the California Public Utility Commission ("CPUC"). In the

report, SCE stated, "Preliminary information reflects SCE facilities were impacted close-in-time to the reported time of the fire."

23.    The CPUC Safety and Enforcement Division, Electric Safety and Reliability Branch issued an Incident Investigation Report concerning the Saddleridge Fire. CPUC concluded that SCE violated requirements of General Order 95.

24.    The Saddleridge Fire originated from SCE's operation, use, and maintenance of its power and transmission lines and equipment, and SCE's negligence was a substantial factor in proximately causing the damages sustained by the United States.

25.    SCE failed to properly maintain its power and transmission lines and equipment in or around the area where the Saddleridge Fire ignited.

26.    SCE failed to design, construct, inspect, replace, and/or maintain its power and transmission lines and equipment to ensure that the required safety factors were met.

27.    Doe Defendants are individuals and entities, including the agents, contractors, sub-contractors, parent companies, partners, or subsidiaries of SCE responsible for maintaining the power and transmission lines and equipment and are responsible directly or vicariously for causing the Saddleridge Fire and the United States' damages.

28.    Causing timber, trees, brush, or grass to burn except as authorized by permit is prohibited by law, including 36 C.F.R. § 261.5(c) and California Public Resources Code § 4421. Ignition of the Saddleridge Fire was not authorized by permit or by the United States. Carelessly or negligently causing a fire that is not a prescribed fire that damages the National Forest System is prohibited by 36 C.F.R. § 261.5. In addition, 36 C.F.R. § 261.9 prohibits damaging any natural feature or other property of the United States.

IV.    **Fire Suppression and Damages**

29.    The Forest Service suppressed the Saddleridge Fire at substantial cost to the United States. In addition, the Saddleridge Fire caused damage to roads, structures, and

1    other property, as well as damage to natural resources on National Forest System lands.

2        30.    The resource damages to the United States include, but are not limited to

3    mitigation, rehabilitation and reforestation of burned areas, loss of and damage to timber,

4    trees, vegetation, habitat, wildlife, watershed and earth protection, property,

5    improvement and archeological site damage, scenic and aesthetic values, and views,

6    environmental damages, loss of use and recreation, and soil damage and erosion.

7        31.    Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and

8    31 U.S.C. § 3717, the United States is entitled to recover its administrative,

9    investigative, accounting and collection costs, as well as interest and late payment

10    charges, in addition to other damages arising from the Saddleridge Fire.

11        32.    The United States has made a demand on SCE for payment of the costs and

12    damages incurred by the United States to suppress the Saddleridge Fire and to undertake

13    emergency rehabilitation efforts. SCE has not paid any part of the sum demanded by the

14    United States.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Negligence and Negligence Per Se – Against All Defendants)

18        33.    The United States realleges its previous allegations as though fully set forth

19    herein.

20        34.    At all times relevant to this action, SCE breached its duty of care and was

21    negligent in causing the Saddleridge Fire, including its failure to construct, maintain, and

22    operate its power and transmission lines and equipment in a safe and effective working

23    order to prevent fires and damage to the land and property of adjacent landowners,

24    including the United States.

25        35.    Amongst other acts and omissions, SCE breached its duty to use due care

26    and caution in the design, construction, and maintenance of the SCE power and

27    transmission lines and equipment in the area of the origin of the Saddleridge Fire.

28        36.    SCE violated its general, statutory, and regulatory duties by failing to

1  properly construct and maintain its power lines and equipment and take reasonable

2  precautions to avoid starting and spreading a fire.

3      37.    The United States and its constituent citizens are one of the classes of

4  persons that California Public Resources Code §§ 4292, 4293, and 4294, California

5  Public Utilities Code § 451, including Rules 31.1, 31.2, and 35 promulgated by the

6  CPUC, and California Health and Safety Code § 13001 were intended to protect. SCE's

7  violation of such provisions constitutes negligence per se and was a substantial factor in

8  causing the United States' damages as alleged herein. SCE is liable for such damages, in

9  an amount to be proven at trial.

10      38.    SCE and Does 1-5 had a duty of care to properly inspect and maintain

11  transmission lines and towers in the area of the subject power lines. SCE and Does 1-5

12  breached its respective duties to inspect and maintain the equipment that caused the

13  ignition of the Saddleridge Fire.

14      39.    SCE's negligent acts, omissions, and violations of law caused the

15  Saddleridge Fire to ignite and proximately caused the damages the United States

16  sustained.

17      40.    SCE is responsible for all costs and damages caused by its own negligence,

18  including those under common law and California Civil Code § 1714.

19      41.    SCE's negligence, on its own and through its agents and employees, was

20  the proximate cause of the Saddleridge Fire.

21      42.    As a result of SCE's negligence, the United States incurred damages in an

22  amount to be established at trial. SCE is liable for such damages.

23                          **SECOND CLAIM FOR RELIEF**

24              **(Cal. Health & Safety Code §§ 13001, 13007-13009.1,**

25                  **and Cal. Civil Code § 3287 – Against All Defendants)**

26      43.    The United States realleges its previous allegations as though fully set forth

27  herein.

28      44.    On October 10, 2019, SCE negligently and in violation of law, ignited the

7

Saddleridge Fire, thereby setting fire to or allowing fire to be set to National Forest System lands within the Angeles National Forest.

45.     The Saddleridge Fire destroyed property of the United States and caused the United States to incur fire suppression costs, property and natural resource damages, and other damages, including intangible damages to the environment, to be established at trial.

46.     SCE is liable for all damages to the United States resulting from the Saddleridge Fire, including its fire suppression costs, damages for injury to federal property, natural resource damages, and the United States' administrative, investigative, accounting, and collection costs, under California Health & Safety Code §§ 13001, 13007-13009.1, and California Civil Code § 3287, in an amount to be established at trial.

## THIRD CLAIM FOR RELIEF

### (Cal. Public Resources Code § 4435 – Against SCE)

47.     The United States realleges its previous allegations as though fully set forth herein.

48.     Pursuant to California Public Resources Code § 4435, the origination of the Saddleridge Fire from SCE's operation and use of the power and transmission lines and equipment is prima facie evidence of SCE's negligence in the maintenance, operation, or use of its transmission lines and equipment. SCE's negligence was a substantial factor in proximately causing the damages the United States sustained as a result of the Saddleridge Fire.

49.     As a result of SCE's negligence, the United States incurred damages in an amount to be established at trial. SCE is liable for such damages.

## FOURTH CLAIM FOR RELIEF

### (Trespass by Fire – Against All Defendants)

50.     The United States realleges its previous allegations as though fully set forth herein.

51.     On October 10, 2019, SCE negligently and/or in violation of law, ignited

the Saddleridge Fire, which spread onto the Angeles National Forest, thereby setting fire to or allowing a fire to be set to National Forest System lands.

52.    The Saddleridge Fire damaged and destroyed property of the United States, including causing damage to approximately 800 acres of National Forest System lands within the Angeles National Forest in Los Angeles County.

53.    As a result of the Saddleridge Fire's trespass upon National Forest System lands, the United States has incurred damages in an amount to be established at trial, including fire suppression costs, property damage, resource damages and any and all other recoverable costs and damages arising from the Saddleridge Fire, including the costs of rehabilitation, restoration and reforestation of the burned areas, loss of trees, timber, vegetation, and habitat, damage to archeological sites, damage to the soil and other matters, loss of use, scenic views, aesthetic values, and other environmental damages. Defendants are also liable to the United States for wrongful injury to its timber, trees, and underwood pursuant to California Civil Code § 3346. SCE is liable for such damages.

**FIFTH CLAIM FOR RELIEF**

**(Interest and Penalties – Against All Defendants)**

54.    The United States realleges its previous allegations as though fully set forth herein.

55.    Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and 31 U.S.C. § 3717, the United States is entitled to recover its administrative, investigative, accounting and collection costs, as well as interest and late payment charges, in addition to other damages arising from the Saddleridge Fire.

56.    The United States has demanded that SCE pay the costs and damages incurred by the United States due to the Saddleridge Fire. Defendants have not paid any part of the sum the United States demanded.

1

**PRAYER FOR RELIEF**

2      WHEREFORE, the United States prays:

3      1.      For damages in an amount to be determined at trial against Defendants for

4   fire suppression costs, property damage, resource damages and any and all other

5   recoverable costs and damages arising from the Saddleridge Fire, including the costs of

6   rehabilitation, restoration and reforestation of the burned areas, loss of trees, timber,

7   vegetation, and habitat, damage to archeological sites, damage to the soil and other

8   matters, loss of use, scenic views, aesthetic values, other environmental damages,

9   investigation costs, and administration costs;

10      2.      For double or triple damages for wrongful injury to the United States'

11   timber, trees, and underwood pursuant to California Civil Code § 3346;

12      3.      For interest and penalties allowable under the law;

13      4.      For costs of this action; and

14      5.      For such other and further relief as the Court deems just and proper.

15

**DEMAND FOR JURY TRIAL**

16      Plaintiff United States of America hereby demands a jury trial in this case.

17

18   Dated:  October 7, 2025              Respectfully submitted,

19                                        BILAL A. ESSAYLI
                                          Acting United States Attorney
20                                        DAVID M. HARRIS
                                          Assistant United States Attorney
21                                        Chief, Civil Division
                                          DANIEL A. BECK
22                                        Assistant United States Attorney
                                          Chief, Complex and Defensive Litigation Section
23

24                                           /s/ Margaret M. Chen
                                          MARGARET M. CHEN
25                                        Assistant United States Attorney

26                                        Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA
27

28